LEVENSON· WRECKING COMPANY, RESPONDENT, v.
GATTI-McQUADE COMPANY, APPELLANT.

Argued March 7, 1919—Decided June 20, 1919.

1. Where the existence and not the validity or construction of a
parol lease or the terms thereof is the point in issue, and the
evidence is conflicting, it is for the jury to determine whether
or not the lease did in fact exist.

2. Where the real question in controversy has been fully and fairly
tried, though not precisely pleaded, and the complaining party
has not been surprised or injured, the reviewing court has the
power to amend the pleadings in order to support the judgment,
and will in such case, in the interest of justice, exercise the
power.

3. As a general rule, in an action by a landlord to recover rent,
the tenant is estopped to set up in defence the want of title on
the part of the landlord at the time the lease was made, so long
as the tenant is undisturbed in his occupation of the demised
premises.

4. The rule that one who goes into possession as a tenant of
another is estopped to deny the title of the landlord at the time
the lease was made, so long as the tenant is undisturbed in his
possession of the demised premises, applies equally to a case
where the tenant was in possession under a prior lease at the
time of making the renewal lease sued upon, as well as where he
takes possession under and by virtue of the latter.

5. A tenant who enters into a renewal of the lease under which
he was in possession is estopped from denying his landlord's
title at the time the renewal lease was made, even though, the
tenant vacates the premises on the last day of the old term, when
he does so without the consent of the landlord and without any
interference with his possession.

6. The rejection of evidence admissible for a purpose other than
that for which it is offered will not justify a reversal when the
evidence, if received, could reasonably have but slight effect.

On appeal from the Hudson County Circuit Court.

For the appellant, *McDermott & Enright* and *James D.
Carpenter, Jr.*

For the respondent, *Weller & Lichtenstein.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment entered on a verdict for the plaintiff in an action by the Levenson Wrecking Company, a corporation, against the Gatti-McQuade Company, another corporation, for rent reserved under a parol lease alleged to have been made in June, 1914, for a term of one year, beginning August 1st, 1914.

We are of the opinion that the judgment must be affirmed.

At the trial it appeared and was undisputed that the parties entered into a written lease for one year, from August 1st, 1912, and on that date the defendant took possession of the premises. It was also admitted that thereafter the defendant entered into an oral renewal of the lease with the plaintiff for another year, ending July 31st, 1914. The plaintiff claimed that in June, 1914, the parol agreement sued upon was made between the parties for another year, to commence August 1st, 1914. That the defendant denied. According to the plaintiff's evidence the defendant vacated the premises on August 4th, 1914; according to the defendant's evidence it vacated on July 31st, 1914. It appeared, however, and was undisputed, that the defendant's possession of the premises was undisturbed and that it vacated the premises without the consent of the plaintiff and refused to pay rent from and after August 1st, 1914.

We think that the trial judge properly submitted to the jury the question of fact whether or not a renewal lease for one year, from August 1st, 1914, had been made. The evidence upon that point was conflicting. And the rule is, that where the existence and not the validity or construction of a parol lease or the terms thereof is the point in issue, and the evidence is conflicting, it is for the jury to determine whether or not the lease did in fact exist.

In this connection the defendant argues that the judgment should be reversed because the complaint averred that the lease was for a term beginning July 1st, 1914, while the plaintiff's evidence showed, and the jury found, a letting for a term beginning August 1st, 1914. This discrepancy was noticed at the trial just as the judge was about to submit the

case to the jury, and was said to have resulted from a typo-graphical error. The case having been fully tried upon the theory that the lease, if made at all, began August 1st, 1914, it was submitted to the jury upon that theory, without objection upon the part of the defendant. We, therefore, incline to think that what thus occurred was tantamount to an amendment of the pleadings at the trial without objection. Assuming, however, that this is not so, it ought not to result in a reversal. Where, as here, the real question in controversy has been fully and fairly tried, though not precisely pleaded, and the complaining party has not been surprised or injured, this court on appeal has the power to amend the pleadings in order to support the judgment, and will in such case, in the interest of justice, exercise the power. *Chess* v. *Vockroth,* 75 *N. J. L.* 665; *Van Houten* v. *Van Houten,* 89 *Id.* 301.

We come now to the main contention of the defendant, which is, that the trial judge erred in refusing to permit the defendant to amend its answer by pleading that on May 4th, 1914, the plaintiff had conveyed to the Levenson Lumber Company the title to the premises demised to the defendant in June, 1914, and by excluding the record of the deed offered in evidence for that purpose.

We think the point has no merit.

In an action by a landlord to recover rent the tenant, as a general rule, is estopped to set up in defence the want of title on the part of the landlord at the time the lease was made, so long as the tenant is undisturbed in his occupation of the demised premises. *Cooke* v. *Loxley,* 5 *T. R.* 4; 2 *Rev. Rep.* 521; 15 *Eng. Rul. Cas.* 297; *Howell* v. *Ashmore,* 22 *N. J. L.* 261; *Horner* v. *Leeds,* 25 *Id.* 106. This is not a mere technical rule, but is conformable to the contract between the parties; for so long as the tenant is not disturbed in his occupation, he is bound to pay the rent whether the landlord's title is defective or not.

Of course, this general rule does not forbid the tenant from showing that the landlord's title has expired or been extinguished *since* the creation of the tenancy; nor does it pre-

clude a tenant from showing that he has been evicted by the owner of the paramount title in an action by his landlord for subsequently accruing rent. But this case does not call for the application of these exceptions to or qualifications of the general rule. As we have pointed out, the defendant's possession of the demised premises was undisturbed. He, therefore, could not lawfully be permitted to show that the title of the plaintiff was rendered defective by a deed given before the parol lease sued upon was made. The cases cited by the defendant are not to the contrary. The first (*Condit* v. *Neighbor*, 13 *N. J. L.* 83) was upon a lease made to a husband and wife and the wife survived her husband and remarried; and it was held that the rents under the lease after the decease of the second husband did not belong to his representatives. The second (*Abbott* v. *Hanson*, 24 *Id.* 493) held that if a lessor parts with title, *subsequent* to the making of the lease, he cannot sue for rent thereafter due. The third (*Mills* v. *Boylan*, 22 *N. J. L. J.* 148) was where the plaintiff had acquired the title to the land *subsequent* to the date of the lease. The fourth (*Messler* v. *Fleming*, 41 *N. J. L.* 108) was upon the question of the right of a landlord to recover rent where he had lost title by foreclosure proceedings *after* the date of the lease. The first case cited has no relevancy to the present case. The last three are upon the well-established exception to the rule that a tenant is not estopped to deny his landlord's title where *after* the making of the lease sued on he parts with the title. As we have pointed out, we are not concerned here with that exception.

The fact that the defendant was in possession as the tenant of the plaintiff under the first parol renewal of the written lease when the second parol lease was made is immaterial. The rule that one who goes into possession as a tenant of another is estopped to deny the title of the landlord at the time the lease was made, so long as the tenant is undisturbed in his occupation of the demised premises, applies equally to a case where the tenant was in possession under a prior lease at the time of making of the renewal lease sued upon, as well as where he takes possession under and by virtue of the latter.

The circumstance that the defendant removed from the premises on July 31st, 1914, as it contends, or on August 4th, 1914, as the plaintiff contends, is immaterial.

Assume, as the defendant contends, that it vacated the premises on July 31st, the last day of the old term. If so, it did so voluntarily, when it might have remained for another year, as it had contracted to do. In that situation there would not be much appearance of justice in holding that it can defend against its engagement to pay rent by showing that there was a defect in its landlord's title. The true rule is, that a tenant who enters into a renewal of the lease under which he was in possession is estopped from denying his landlord's title at the time the renewal lease was made, even though the tenant vacates the premises on the last day of the old term, when he does so without the consent of the landlord and without any interference of his possession.

The record of the deed of May 4th, 1914, purporting to be from the plaintiff to the Levenson Lumber Company, was offered in evidence for the purpose (stated at the trial) of showing that "since they have not the title they cannot collect the rents," and for no other purpose.

We have already shown that it was incompetent for the purpose offered. It seems to be argued, now, that it was admissible for another purpose, and hence its rejection should lead to a reversal. Whether it was competent for any purpose is doubtful, but had it been received its reasonable effect in the direction indicated would be so slight that, under the circumstances, we think its rejection does not justify a reversal. *Simon* v. *Henry,* 62 *N. J. L.* 486.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.